IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHY HAYNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:09-cv-484-TFM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Kathy Haynes ("Haynes") applied for disability insurance and supplemental security income benefits pursuant to Title II and Title XVI of the Social Security Act 42 U.S.C. §§ 402-433, 1381-1383c (Tr. 14, 82-91). Following unfavorable rulings administratively and after the Appeals Council rejected a request for review the decision of the Administrative Law Judge ("ALJ") consequently became the final decision of the Commissioner of Social Security ("Commissioner"). After judicial review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3),[1] the Court **AFFIRMS** the Commissioner's decision.

### I.  STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The Court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Dyer v. Barnhart,* 395 F. 3d 1206, 1210 (11th Cir. 2005)*; Walden v. Schweiker*, 672 F.2d 835 (11th Cir.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

1

1982). Instead, the Court's role is to scrutinize the whole administrative record to ensure that the Commissioner's decision is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.,* 363 F. 3d 1155, 1158 (11th Cir. 2004)(*per curiam*); *Wilson v. Barnhart,* 284 F. 3d 1219, 1221 (11th Cir. 2001), *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401(1971); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986). The evidence supporting the Commissioner's decision does not need to be overwhelming, but it must provide more than a mere scintilla of support. *Dyer,* 395 F.3d at 1210. The Court must also be cautious not to reverse the Commissioner's decision because it would have reached a different conclusion based on the evidence. *See MacGregor,* 786 F.2d at 1053.

## II.   ADMINISTRATIVE FINDINGS

Haynes was 53 years old at the time of the hearing, Haynes has a 10th grade education and was last employed in February 2006. In her application, Haynes alleges she is disabled due to fibromyalgia, bilateral carpal tunnel syndrome, left rotator cuff syndrome and depression. (R.25).

The ALJ found Haynes has not engaged in substantial gainful activity since her onset date of February 15, 2006, and that she suffers from severe impairments which include fibromyalgia, carpal tunnel syndrome and sinusitis. The ALJ concluded Hayne's impairments – both severe and non-severe, considered singularly and in combination – did not meet or equal the severity of a listed impairment. Finding that Haynes cannot perform any past relevant work, the ALJ further found – with the aid of a vocational expert – that Haynes has the residual functional capacity to perform work within specified limitations consistent with jobs existing in significant numbers in the national economy.

### III.  ISSUES

On appeal Haynes argues two issues.  First, Haynes argues that the Commissioner's decision should be reversed because the ALJ did not assign any weight to the opinion and diagnosis of her treating physician, Dr. Soh.  Haynes also argues the ALJ improperly rejected her testimony about the effects and resulting limitations of her medically determinable impairments.

### IV.  FINDINGS

#### A.  The ALJ gave proper consideration to the medical opinion of Dr. Soh.

Haynes argues that the ALJ did not assign any weight to the opinion and diagnosis of Dr. Soh, her treating physician.  Generally the Commissioner will assign controlling weight to the opinion of a treating physician if the opinion is supported by medical evidence and consistent with other substantial evidence.  *See* 20 C.F.R. §404.1527(d)(2).  The Commissioner places such high reliance upon the treating physician's opinion because treating sources are likely to be the medical professionals who can best provide a detailed opinion of the effects of a medical condition upon a claimant over time. While the Commissioner must give great weight to the opinion of a treating physician, the Commissioner alone, in the first instance, will determine whether a claimant is unable to engage in substantial gainful activity.  20 C.F.R. § 404.1520(a).

Haynes came to the emergency room on April 3, 2006 and April 18, 2006.  (R.107-204).  Dr. Soh was on duty each time and between the two visits diagnosed Haynes as suffering from fibromyalgia and Carpal Tunnel Syndrome. (Ex. 4F).  In sum, Haynes contends that Dr. Soh's opinion should be the controlling opinion the ALJ relied upon to conclude whether or not Haynes is disabled under the Act.   Haynes is incorrect for several reasons.

First, the Commissioner is correct that Dr. Soh was not a treating physician.  *Crawford*, 363

F. 3d at 1160. *Crawford* held that a physician who examines a patient once is not a treating physician. While Dr. Soh did encounter Haynes twice, or three times if the Court were to credit Haynes' testimony, the result is the same. Dr. Soh happened to be on duty each time to treat whatever emergencies were at hand when he encountered Haynes. Further, the relationship between Dr. Soh and Haynes is not analogous to the relationship of a treating physician. The opinion of a treating physician is given such great deference because a treating physician has a relationship over time that the Commissioner may rely upon to determine the medical effects of an injury or condition upon a given claimant. The two (or three) instances of contact between Dr. Soh and Haynes were relatively brief, in an emergency room setting, and do not provide enough information for Dr. Soh, much less the ALJ, to determine the true effects of fibromyalgia upon the day to day abilities of Haynes over time. From the medical evidence before the ALJ, Dr. Soh did not render an opinion about the functional limitations of fibromyalgia or carpal tunnel syndrome upon Haynes. Ergo, the ALJ correctly viewed the medical evidence from Dr. Soh as evidence from an examining source rather than a treating source.

Finally, the written findings enunciated by the ALJ indicate he examined the facts through the prism of Dr. Soh's diagnosis that Haynes has severe impairments brought on by fibromyalgia and carpal tunnel syndrome. Implicit within his findings that Haynes is beset by fibromyalgia and carpal tunnel syndrome to the extent they are severe impairments, is the premise the ALJ did not reject the opinion of Dr. Soh as to Haynes. An ALJ may make implied findings. *Hutchinson v. Bowen*, 787 F. 2d 1461, 1463 (11th Cir. 1986). Nothing in the record indicates, nor does Haynes argue, that the ALJ did not properly weigh the remaining medical evidence in reaching the conclusion that Haynes can engage in substantial gainful activity. In fact, Haynes correctly quotes

and cites Social Security Ruling (SSR) 96-2p as the controlling rule the ALJ had to apply with respect to the medical evidence from Dr. Soh.  The ruling, in pertinent part, requires the ALJ to adopt a treating source opinion irrespective of any finding the ALJ would have made absent the opinion from the treating source if (1) the opinion came from a treating source; (2) the opinion is a medical opinion about the

nature and severity of an individual's impairments; (3) the medical opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques; and (4) the opinion of the treating physician is consistent with other substantial evidence in the claimant's medical record.  For the reasons noted *supra*, the Court finds Dr. Soh was not a treating physician.  On their face, the medical records from Dr. Soh do not express any opinion about the nature and severity of Haynes' fibromyalgia or carpal tunnel syndrome, or in turn, her ability to engage in further substantial gainful activity.

Finally, the other evidence in the record before the ALJ was substantial enough for the ALJ to conclude Haynes did not meet her burden to prove she is disabled.  In fact, Haynes posits no argument or inference that the remaining evidence was insufficient to conclude otherwise.  On review, the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner, ergo Haynes' argument regarding the records from Dr. Soh fails. *Dyer,* 395 F.3d at 1210.

**B.  The ALJ properly rejected Haynes' testimony about the effects and resulting limitations of her medically determinable impairments.**

Credibility determinations fall within the ambit of the fact finder, which in Social Security cases is the ALJ, not the Courts.  *Sellers v Barnhart*, 246 F. Supp. 2d 1201, 1213 (M.D. Ala 2002).

The ALJ is particularly well suited to choose from conflicting evidence the evidence most worthy of belief. *Bloodsworth v. Heckler*, 703 F. 2d 1233, 1239 (11th Cir. 1983).

In a nutshell, Haynes argues the pain from her severe impairments preclude her from engaging in substantial gainful activity. Pain alone may preclude a claimant from engaging in substantial gainful activity. *Watson v. Barnhart,* 288 F.3d 212, 217 (5th Cir. 2002). Testimony from a claimant alone about the disabling nature of their pain is not sufficient to establish inability to engage in substantial gainful activity. *Macia v. Bowen*, 829 F. 2d 1009, 1011 (11th Cir. 1987). The Court applies a three part pain standard to determine whether a claimant can engage in substantial gainful activity. The pain standard requires proof that there is (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition, or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. The pain standard enunciated by the Eleventh Circuit is analogous to the regulatory standard. *See Wilson v. Barnhart,*, 284 F.3d 1219, 1225-26 (11th Cir. 2002); 20 C.F.R. 404.1529.

The ALJ articulated and applied the proper standard. (R.17-20). Under the pain standard, Haynes has not met her burden of proof. Haynes met the first element of the pain standard when the ALJ found evidence to conclude Haynes suffers from fibromyalgia, carpal tunnel syndrome and sinusitis. Haynes did not meet the second (objective medical evidence) or third (objectively determined condition) elements of the pain standard. The ALJ had no objective medical evidence to confirm that Haynes suffers from pain as severe as she claims. Dr. Soh's examinations of Haynes during two emergency room visits revealed that Haynes had good grip strength, muscle strength 5/5 bilaterally in her upper and lower extremities, and no muscular atrophy. (Ex. 4F). Muscle atrophy

is an objective medical indication of pain and the lack thereof in Haynes militates against the conclusion that she suffers from pain which precludes her from substantial gainful activity. *See Johns v. Bowen*, 821 F.2d 551, 556 (11th Cir. 1987). Haynes received conservative treatment for her pain. In fact, when Haynes was sent home from her emergency room visit on October 20, 2007, she did not receive a prescription for any medication, much less any medication for pain. (Ex. 9; R. 18, 216-233, 268-273). Haynes claims her pain is 8 on a 10 point scale. Despite the high degree of pain that Haynes claims, she does not use a walker, cane, or any other device to assist her as she walks. (R.122). To offset her pain, Haynes uses over-the-counter medication and rubbing creams for her feet and arms. (R. 18). The Court agrees with the ALJ that if Haynes suffers from pain which is level 8 on a 10 point scale she would have sought and used prescription medications. No medical evidence was before the ALJ to show that Haynes experiences weakness, muscle atrophy, spasms, or sensory/motor disruption on a regular and consistent basis. The lack of clinical evidence was sufficient to lead the ALJ to conclude as he did that Haynes suffers from pain, but not to the extent she claims, or that would render her from performing substantial gainful activity.

Nothing before the ALJ indicates the fibromyalgia symptoms, as they manifest themselves in Haynes, are so severe that they could be expected to give rise to the alleged pain. The Court agrees with the Commissioner that fibromyalgia can be disabling but fibromyalgia is not disabling in every case. Haynes presented no objective evidence other than her testimony that her symptoms render her unable to engage in substantial gainful activity. The Court agrees with the reasons the ALJ gave to discount Haynes' testimony. Haynes claims her pain is so severe as to prevent her from working, yet she does not see a physician on regular basis for her fibromyalgia or carpal tunnel syndrome. (R. 19, 28). Simply put, there is a lack of medical or testimonial evidence to support

Haynes' position.

## V.  CONCLUSION

For the foregoing reasons, the Court concludes that the decision of the Commissioner is due to be AFFIRMED as it is supported by substantial evidence and reflects a proper application of correct legal standards.

A separate judgment will be entered.

Done this 25th day of August,  2010.

      /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE